UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11-CV-2018 NAB |
| | ) |
| GM HOSPITALITY, L.L.C., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Enter Consent Judgment against Defendants GM Hospitality, L.L.C. and Daniel Dooley. [Doc. 29]. Defendants have not responded to the motion and the time to do so has ended. In June 2012, the parties separately filed a Motion for Settlement and a Motion to Retain Jurisdiction. [Docs. 24, 25]. In its Motion to Retain Jurisdiction, Plaintiff indicated to the Court that "Should the Defendant default on the settlement, Plaintiff and Defendant have executed a Consent Judgment which Plaintiff will file with the Court." [Doc 24]. On June 21, 2012, the Court dismissed this action and retained jurisdiction for purposes of enforcing the parties' settlement. [Doc. 26]. The Agreed Order of Dismissal states:

> By consent of the parties, the Court shall retain jurisdiction through July 1, 2013 for the purpose of enforcing the terms of the parties' settlement by entering the Consent Judgment which has been executed by the parties and retained by Plaintiff's counsel, to be filed in the event of a breach of the settlement terms.

(Order of June 21, 2012.) Plaintiff contends that Defendants have violated the Settlement Agreement and General Release and request that the Court enter a consent judgment against Defendants.

"Federal courts do not have automatic ancillary jurisdiction to enforce a settlement agreement arising from federal litigation." *Gilbert v. Monsanto*, 216 F.3d 695, 699 (8th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380 (1994)). "Ancillary jurisdiction to enforce a settlement agreement exists only if the parties' obligation to comply with the terms of the settlement agreement is made part of the order of dismissal- either by a provision retaining jurisdiction over the settlement agreement or by incorporation of the terms of the settlement agreement in the order." *Gilbert*, 216 F.3d at 699 (internal quotations omitted).

In this case, the Court retained jurisdiction in the Agreed Order of Dismissal of June 21, 2012. [Doc. 26]. Plaintiff has alleged breach of the settlement terms, stating Defendants have only made one payment to the Plaintiff. Defendants have not contested Plaintiff's allegation that Defendants have breached the settlement agreement. Therefore, the Court finds that Defendants have breached the settlement agreement and will enter the parties' Consent Judgment contemporaneously with this Memorandum and Order as described in the Agreed Order of Dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enter Consent Judgment is **GRANTED**. [Doc. 29]

**IT IS FURTHER ORDERED** that the parties' Consent Judgment will be entered contemporaneously with this Memorandum and Order.

Dated this 28th day of January, 2013.

                                            /s/ Nannette A. Baker
                                            NANNETTE A. BAKER
                                            UNITED STATES MAGISTRATE JUDGE